**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

  *Plaintiff-Appellee,*

v.

SEAN ROBERT ADDISON, a/k/a
Bounce,

  *Defendant-Appellant.*

No. 00-4319

Appeal from the United States District Court
for the District of South Carolina, at Rock Hill.
Dennis W. Shedd, District Judge.
(CR-99-659-DWS)

Submitted: March 30, 2001

Decided: April 23, 2001

Before LUTTIG, MOTZ, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Christopher F. Cowan, COWAN, NORTH, & LAFRATTA, L.L.P.,
Richmond, Virginia, for Appellant. Marshall Prince, OFFICE OF
THE UNITED STATES ATTORNEY, Columbia, South Carolina, for
Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Sean Robert Addison appeals his conviction on four counts related to his involvement in the robbery of Stateline 51, a video poker casino located in South Carolina. The indictment against Addison and twelve other individuals charged him in four of its fifteen counts with robbery, 18 U.S.C. § 1951(a) (1994), and its related conspiracy charge, *see id.* and 18 U.S.C. § 2 (1994), use of a firearm in relation to a felony, 18 U.S.C. § 924(c)(1)(A)(ii) (1994), and its analog conspiracy offense. 18 U.S.C. § 924(o) (1994). After a trial, the jury found Addison guilty on all four counts. Addison noted a timely appeal and his counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), in which he represents that there are no arguable issues of merit in this appeal. Nonetheless, in his brief, counsel addressed the possibility that the district court lacked jurisdiction over the offense, that there was insufficient evidence to support Addison's conviction, and that the district court erred in calculating Addison's Offense Level at sentencing. Addison filed a supplemental brief asserting that the district court erred in failing to suppress certain evidence, that the district court was biased against him at sentencing, that the court erred in calculating his Offense Level and that trial counsel failed to render constitutionally sufficient assistance. This court also appointed replacement appellate counsel for Addison after granting original counsel's motion to withdraw. Replacement counsel filed a supplemental brief raising and rejecting the possibility that trial counsel rendered constitutionally insufficient assistance. Finding no merit to any of these claims of error, and discovering no other reversible error in our review of the record, we affirm the conviction and sentence.

In his brief on appeal, counsel suggests that there was insufficient evidence to support Addison's conviction under 18 U.S.C. § 1951(a) (1994), both in terms of the jurisdictional element of the statute and

Addison's actual involvement in the robbery. In order to establish the elements of a violation of § 1951, the prosecution must show that the robbery occurred in such a way as to affect interstate commerce. *United States v. Bailey*, 990 F.2d 119, 125 (4th Cir. 1993). In this case, the manager of the video poker parlor testified that, not only did he advertise in interstate commerce, but that approximately eighty-five percent of his business came from outside of South Carolina. In addition, the manager noted a near-crippling drop-off in business following the robbery by Addison and his compatriots. This evidence was more than sufficient to show that Addison's robbery affected interstate commerce and vested jurisdiction in the district court. *United States v. Paredes*, 139 F.3d 840, 843-44 (11th Cir. 1998). Similarly, viewed in the light most favorable to the government, there was evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of Addison's guilt of the robbery beyond a reasonable doubt. *United States v. Burgos*, 94 F.3d 849, 862 (4th Cir. 1996) (en banc). Not only did all four of his accomplices in the robbery testify against him, but the Government introduced Addison's own written statement admitting his involvement in the offense. This evidence was sufficient to support Addison's conviction. *See United States v. Romer*, 148 F.3d 359, 364 (4th Cir. 1998). The same is true of the evidence supporting his conviction for using or carrying a firearm in relation to a violent crime in violation of 18 U.S.C. § 924(c). *See United States v. Mitchell*, 104 F.3d 649, 652 (4th Cir. 1997).

Counsel also challenges the district court's rulings at sentencing. However, our review of the record reveals that the district court did not commit clear error with respect to its calculation of Addison's Offense Level. *See United States v. Jones*, 31 F.3d 1304, 1315 (4th Cir. 1994). The district court properly determined that Addison had not shown that he was entitled to a reduction for a mitigating role of any sort. *See United States v. Reavis*, 48 F.3d 763, 869 (4th Cir. 1995). Similarly, based on his testimony at trial denying knowledge of the robbery, the district court properly imposed an upward adjustment for obstruction of justice. *See United States v. Dunnigan*, 507 U.S. 87, 92-98 (1993).

In his pro se supplemental brief, Addison claims that the district court erred in failing to suppress his written statement and other

incriminating statements obtained after his arrest. However, Addison has waived this assignment of error by his failure to afford the district court an opportunity to rule on the suppression of the evidence prior to trial. *See* Fed. R. Crim. P. 12(b)(3); 12(f); *United States v. Ricco*, 52 F.3d 58, 62 (4th Cir. 1995). Addison also makes several assignments of error with respect to sentencing. However, we can find no plain error in the district court's failure to sua sponte recuse itself from the sentencing proceeding. *See* Fed. R. Crim. P. 52(b); *United States v. Olano*, 507 U.S. 725, 732-33 (1993); *see also Liteky v. United States*, 510 U.S. 540, 555 (1994). Similarly, there was no error of that magnitude in the district court's application of USSG § 2B3.1(b)(3)(C) or USSG § 2K2.1(d)(5). *See United States v. Grubb*, 11 F.3d 426, 440 (4th Cir. 1993); *United States v. Love*, 134 F.3d 595, 606 (4th Cir. 1998).

Finally, Addison and replacement appellate counsel suggest that Addison's trial counsel failed to render constitutionally sufficient assistance. *See Strickland v. Washington*, 466 U.S. 668, 688 (1984). However, a claim of ineffective assistance of counsel is only appropriate on direct appeal where counsel's ineffectiveness is apparent from the face of the record. *United States v. Williams*, 977 F.2d 866, 871 (4th Cir. 1992). Our review of the record reveals no such obvious error on the part of trial counsel. This claim is therefore inappropriate for direct appeal. *See United States v. DeFusco*, 949 F.2d 114, 120 (4th Cir. 1991).

As required by *Anders*, we have independently reviewed the entire record and all pertinent documents. We have considered all possible issues presented by this record and conclude that there are no nonfrivolous grounds for this appeal. Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964, 18 U.S.C. § 3006A (1994), this court requires that counsel inform his client, in writing, of his right to petition the Supreme Court for further review. If requested by the client to do so, counsel should prepare a timely petition for writ of certiorari, unless counsel believes such a petition would be frivolous. In that case, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

Addison's conviction and sentence are affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*